FILED
CLERK, U.S. DISTRICT COURT
2/4/2019
CENTRAL DISTRICT OF CALIFORNIA
BY: CW DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE GIBBS,<br><br>Plaintiff,<br><br>v.<br><br>WARDEN ASUNCION, *et al.*,<br><br>Defendants. | Case No. 2:18-cv-00755 CJC (MAA)<br><br>**MEMORANDUM DECISION AND ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND** |

## I. INTRODUCTION

On January 29, 2018, Plaintiff Clarence Gibbs ("Plaintiff"), an inmate at California State Prison – Los Angeles County, in Lancaster, California (the "Prison"), proceeding pro se, filed a civil Complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983 ("Section 1983"). (ECF No. 1.) On September 26, 2018, Plaintiff filed a First Amended Complaint ("FAC," ECF No. 18), which the Court dismissed with leave to amend on October 3, 2018. (ECF No. 20.)

Before the Court is Plaintiff's Second Amended Complaint ("SAC"), filed on December 20, 2018. (ECF No. 22.) The Court screened the SAC as prescribed by 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B). For the reasons stated below,

the SAC is **DISMISSED WITH LEAVE TO AMEND**. Plaintiff is **ORDERED** within 30 days after the date of this Order to either: (1) file a Third Amended Complaint, or (2) advise the Court that Plaintiff does not intend to file a Third Amended Complaint.

II. **ALLEGATIONS IN THE SAC**

The SAC is asserted against Dr. M.Z. Lameer ("Defendant") in his individual capacity. (ECF No. 22, at 3.)[1] Plaintiff alleges that Defendant acted under color of state law because he was contracted as the primary physician for orthopedic problems at the Prison by the California Department of Corrections and Rehabilitation ("CDCR"). (*Id.*) Plaintiff alleges that under authority from the CDCR, Defendant had full control of the treatment of Plaintiff's shoulder injury over the course of three years. (*Id.*) Plaintiff further alleges:

> After referal [sic] to Dr. M.Z. Lameer who also performed required surgery. [sic] I was denied timely attention for pain relief before and after surgery. Dr. Lameer failed to follow-up on physical therapy provided by prison staff.

(*Id.* at 5.)

Plaintiff contends that Defendant violated the Equal Protection clause of the Fourteenth Amendment by failing to provide a standard level of care by a medical provider due to Defendant's "deliberate indifference." (*Id.* at 5.) Plaintiff seeks compensatory and punitive damages. (*Id.* at 6.)

III. **STANDARD OF REVIEW**

Federal courts must conduct a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

---

[1] All citations to the SAC reference the page numbers generated by ECF.

2

governmental entity (28 U.S.C. § 1915A), or in which a plaintiff proceeds *in forma pauperis* (28 U.S.C. § Section 1915(e)(2)(B)). The court must identify cognizable claims and dismiss any complaint, or any portion thereof, that is: (1) frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

When screening a complaint to determine whether it fails to state a claim upon which relief can be granted, courts apply the Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") standard. *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (applying the Rule 12(b)(6) standard to 28 U.S.C. § Section 1915(e)(2)(B)(ii)); *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (applying the Rule 12(b)(6) standard to 28 U.S.C. § Section 1915A). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)).

Rule 12(b)(6) is read in conjunction with Federal Rule of Civil Procedure 8(a) ("Rule 8"), which requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Li v. Kerry*, 710 F.3d 995, 998 (9th Cir. 2013). In reviewing a motion to dismiss, the court will accept factual allegations as true and view them in the light most favorable to the plaintiff. *See Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017) (citing *N.M. State Inv. Council v. Ernst & Young LLP*, 641 F.3d 1089, 1094 (9th Cir. 2011)). Although "detailed factual allegations" are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Conclusory allegations of law . . . are insufficient . . . ." *Park*, 851 F.3d at 918 (first ellipsis in original) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th

Cir. 2001)). Rather, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 662. "If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6)." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Where a plaintiff is pro se, particularly in civil rights cases, courts should construe pleadings liberally and afford the plaintiff any benefit of the doubt. *See Wilhelm*, 680 F.3d at 1121. "[B]efore dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). A court should grant a pro se plaintiff leave to amend a defective complaint "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar*, 698 F.3d at 1212.

IV. DISCUSSION

    A. **The SAC Fails to Allege a Fourteenth Amendment Equal Protection Claim**

"The Equal Protection Clause of the Fourteenth Amendment provides that '[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws.'" *Angelotti Chiropractic v. Baker*, 791 F.3d 1075, 1085 (9th Cir. 2015) (quoting U.S. Const. amend. XIV, § 1). "The Equal Protection Clause requires the State to treat all similarly situated people equally. This does not mean, however,

//

that all prisoners must receive identical treatment and resources." *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013) (citations omitted).

To state an equal protection claim, a claimant "must allege facts plausibly showing that 'the defendants acted with an intent or purpose to discriminate against [them] based upon membership in a protected class'" such as race, religion, or national origin. *Id.* (alteration in original) (quoting *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005)); *see also New Orleans v. Dukes*, 427 U.S. 297, 303 (1975) (noting that "suspect distinctions such as race, religion, or alienage" are protected classes for equal protection purposes). "Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status." *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003) (emphasis in original) (quoting *Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th Cir. 1994)). An equal protection claim "must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent." *Monteiro v. Tempe Union High Sch. Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998).

Plaintiff's Equal Protection claim fails for three reasons. <u>First</u>, the SAC fails to allege that Plaintiff is a member of a protected class. <u>Second</u>, the SAC contains no allegations of discrimination. <u>Third</u>, the SAC does not contain any allegations that Defendant acted with the intent to discriminate against Plaintiff because of Plaintiff's protected status. If Plaintiff intends to file a Third Amended Complaint with an Equal Protection claim, he must correct these deficiencies or risk dismissal of this claim with prejudice.

**B.     The SAC Fails to State an Eighth Amendment Claim**

Though the SAC does not explicitly assert a claim under the Eighth Amendment, it cites the Eighth Amendment's "deliberate indifference" standard. Therefore the Court also analyzes the sufficiency of the allegations under the Eighth

Amendment. *See Wilhelm*, 680 F.3d at 1121 ("where the petitioner is *pro se*, particularly in civil rights cases, [courts should] construe the pleadings liberally and . . . afford the petitioner the benefit of any doubt.") (alteration in original) (quoting *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Slayton v. Willingham*, 726 F.2d 631, 634 n.7 (10th Cir. 1984) ("A *pro se* litigant's mere citation of the wrong constitutional amendment does not preclude his cause of action so long as the facts he alleges state a claim under an obviously applicable constitutional provision."); *Ellis v. Brady*, Case No. 16cv1419 WQH (NLS), 2017 U.S. Dist. LEXIS 203458, at *15-16 (S.D. Cal. Dec. 8, 2017) (concluding that the court could address plaintiff's claim asserted under the wrong constitutional amendment, as "it is the factual allegations, not the legal labels attached, which determine the issue").

"The government has an 'obligation to provide medical care for those whom it is punishing by incarceration,' and failure to meet that obligation can constitute an Eighth Amendment violation cognizable under § 1983." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976)). "To maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quotations omitted). A plaintiff must allege sufficient facts to satisfy a two-prong test: (1) an objective standard—the existence of a serious medical need; and (2) a subjective standard—deliberate indifference. *Colwell*, 763 F.3d at 1066.

A "serious medical need" exists if "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *Jett*, 439 F.3d at 1096 (citing *Estelle*, 429 U.S. at 104). Neither result is the type of "routine discomfort [that] is 'part of the penalty that criminal offenders pay for their offenses against society.'" *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (alteration in original) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)), *overruled in part on other grounds by WMX Techs., Inc. v. Miller*, 104

F.3d 1133 (9th Cir. 1997) (en banc). "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." *McGuckin*, 974 F.2d at 1059-60.

The subjective "deliberate indifference" prong "is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096. Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." *McGuckin*, 974 F.2d at 1059. However, deliberate indifference is met only if the prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The defendant "must purposefully ignore or fail to respond to the plaintiff's pain or possible medical need for deliberate indifference to be established." *See McGuckin*, 974 F.2d at 1060. Thus, neither an inadvertent failure to provide adequate medical care, nor mere negligence or medical malpractice (*see Estelle*, 429 U.S. at 105-06), nor a mere delay in medical care (without more) (*Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1984)), nor a difference of opinion over proper medical treatment (*Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)), is sufficient to constitute an Eighth Amendment violation. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Here, the SAC does not contain sufficient factual allegations to satisfy the subjective requirement of the Eighth Amendment—that is, there are no allegations

that Defendant Lameer plausibly acted with deliberate indifference to Plaintiff's health. If Plaintiff intends to file a Third Amended Complaint with an Eighth Amendment claim, he must correct this deficiency or risk dismissal of this claim with prejudice.

## V. CONCLUSION

For the reasons stated above, the Court **DISMISSES** the SAC **WITH LEAVE TO AMEND.** Plaintiff is **ORDERED** within 30 days after the date of this Order to either: (1) file a Third Amended Complaint, or (2) advise the Court that Plaintiff does not intend to file a Third Amended Complaint.

The Third Amended Complaint must cure the pleading defects discussed above and shall be complete in itself without reference to the SAC. *See* L.R. 15-2 ("Every amended pleading filed as a matter of right or allowed by order of the Court shall be complete including exhibits. The amended pleading shall not refer to the prior, superseding pleading."). This means that Plaintiff must allege and plead any viable claims in the Third Amended Complaint again. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Second Amended Complaint.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff strongly is encouraged to utilize the standard civil rights complaint form when filing any amended complaint, a copy of which is attached.** In any amended complaint, Plaintiff should identify the nature of each separate legal claim and make clear what specific factual allegations support each of his separate claims. Plaintiff strongly is encouraged to keep his statements concise and to omit irrelevant details. It is not necessary for Plaintiff to cite case law, include legal argument, or attach

exhibits at this stage of the litigation. Plaintiff also is advised to omit any claims for which he lacks a sufficient factual basis.

**The Court explicitly cautions Plaintiff that failure to timely file a Third Amended Complaint, or timely advise the Court that Plaintiff does not intend to file a Third Amended Complaint, will result in a recommendation that this action, or portions thereof, be dismissed with prejudice for failure to prosecute and/or failure to comply with court orders pursuant to Federal Rule of Civil Procedure 41(b).**

If Plaintiff no longer wishes to pursue this action in its entirety or with respect to particular Defendants or claims, he voluntarily may dismiss all or any part of this action by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). **A form Notice of Dismissal is attached for Plaintiff's convenience.**

Plaintiff is advised that this Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of the claim. Accordingly, although the undersigned Magistrate Judge believes Plaintiff has failed to plead sufficient factual matter in the pleading, accepted as true, to state a claim for relief that is plausible on its face, Plaintiff is not required to omit any claim or defendant in order to pursue this action. However, if Plaintiff decides to pursue a claim in an amended complaint that the undersigned previously found to be insufficient, then pursuant to 28 U.S.C. § 636, the undersigned ultimately may submit to the assigned District Judge a recommendation that such claim may be dismissed with prejudice for failure to

//
//
//
//
//

state a claim, subject to Plaintiff's right at that time to file objections. *See* Fed. R. Civ. P. 72(b); C.D. Cal. L.R. 72-3.

**IT IS SO ORDERED.**

DATED: Feb. 4, 2019

                                                MARIA A. AUDERO
                                   UNITED STATES MAGISTRATE JUDGE

Attachments:
Form Civil Rights Complaint
Form Notice of Dismissal